```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ROBERT JEREMY HORTON,                                        :
                              Plaintiff,                     :
                                                             :     18 Civ. 4027 (LGS)
              -against-                                      :
                                                             :     **OPINION AND ORDER**
DOW JONES & COMPANY, INC.,                                   :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Plaintiff brings this action against Dow Jones & Company, Inc., d/b/a The Wall Street Journal, individually and on behalf of members of a putative class of Wall Street Journal (the "WSJ") subscribers between May 4, 2015, and July 30, 2016. Plaintiff alleges violations of the Michigan Video Rental Privacy Act. Defendant moves to compel arbitration. For the following reasons, the motion to compel is denied, and the case is dismissed.

I.  **BACKGROUND**

Defendant publishes the WSJ. Plaintiff ordered a digital and print subscription to the WSJ in his name on March 13, 2014, through the WSJ website. The subscription was for a "12 for 12" promotion under which Plaintiff received twelve weeks of access to print and online materials for $12. To complete the purchase, Plaintiff had to agree to a subscriber agreement (the "Agreement") by clicking a check-box under the bolded title "SUBSCRIBER AGREEMENT" and clicking the "Complete Purchase" button. Plaintiff concedes he entered into the Agreement.

The Agreement applies to a subscriber's "use of The Wall Street Journal Online . . . any other electronic services from the Wall Street Journal Online . . . that may be made available

from time to time." Section 10 of the Agreement contains an arbitration provision (the "Arbitration Clause"), which states in relevant part:

> [T]he parties agree that except for statutory or common law claims related to intellectual property and disputes that qualify for small claims court, any controversy or claim arising out of or relating to this Agreement or any aspect of the relationship between us . . . will be resolved by arbitration.

The Arbitration Clause also prohibits class actions and class arbitration procedures ("Class Waiver"):

> You agree that by entering into this Agreement, you and we are each waiving the right to trial by jury, except as otherwise stated above. Any arbitration under this Agreement will take place on an individual basis; class arbitrations and class actions are not permitted and, by entering into this Agreement, you are giving up the ability to enter into a class action.

The Arbitration Clause designates threshold issues "relating to the scope, application, and enforceability of the arbitration provision" to courts. Section 11 of the Agreement provides that New York law, without regard to its choice of law principles, shall apply to "any and all claims arising from this agreement."[1] The Arbitration Clause also contains a survival clause, which states, "This agreement to arbitrate shall survive termination of this Agreement."

The First Amended Class Action Complaint (the "Complaint") alleges that between May 4, 2015, and July 30, 2016, Dow Jones sold "information that identifies Plaintiff as having purchased a subscription to the Wall Street Journal" to third parties without his consent. Plaintiff seeks to represent a putative class of "all Michigan subscribers who, at any point in time between

---

[1] If the Court were to reach the merits of Plaintiff's claim, it is difficult to see how it would survive, as it is based on Michigan statutory law and the parties expressly agreed that New York would apply. *See Ministers & Missionaries Ben. Bd. v. Snow*, 45 N.E.3d 917, 922 (N.Y. 2015) ("New York courts should not engage in any conflicts analysis where the parties include a choice-of-law provision in their contract . . .").

2

May 4, 2015, and July 30, 2016, had . . . Personal Reading Information disclosed to . . . third parties" without written consent.  The Complaint alleges that the Court has subject-matter jurisdiction over Plaintiff's class claim under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is diverse from Defendant and the aggregate amount in controversy exceeds the jurisdictional minimum of $5,000,000.000.  Specifically, the Complaint alleges that there are more than 100 class members, each claiming $5,000 in damages.

## II.   DISCUSSION

The Class Waiver is enforceable and bars Plaintiff's claim from proceeding on a class basis, whether in arbitration or in court.  Plaintiff's Michigan state law claim is not arbitrable, but the Court declines to exercise over it.

### A.   Enforceability of Class Arbitration Waiver

Although arbitration provisions often contain class waivers and other procedural restrictions, class waivers and agreements to arbitrate are "conceptually distinct" contract terms. *Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 179 (2d Cir. 2015).  The Arbitration Clause states that the Court will decide issues relating to the enforceability of "the arbitration provision," and the Class Waiver is included in that provision.  As such, the parties designated issues relating to the enforceability of the Class Waiver to the courts.  *See Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 78 (S.D.N.Y. 2015) (deciding on the enforceability of a class action waiver in an agreement to arbitrate when the parties' contract designated matters of enforceability to the court).

Plaintiff is barred from proceeding on a class basis based on the Class Waiver in the Agreement, which explicitly states, "Class arbitrations and class actions are not permitted and, by entering into this Agreement, you are giving up the ability to participate in a class action."

This provision is enforceable.[2]  The Federal Arbitration Act ("FAA") "requires courts to 'rigorously' 'enforce arbitration agreements according to their terms.'"  *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)).  The Supreme Court has repeatedly held that class action waivers in arbitration agreements are enforceable.  *See, e.g., American Express*, 570 U.S. at 228 (holding that contractual waiver of class arbitration is enforceable under the FAA even when the cost of pursuing an individual arbitration claim exceeds potential recovery); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011) (holding that the FAA preempts a California judicial rule classifying collective-arbitration waivers in consumer contracts as unconscionable).  Similarly, under principles of New York contract law, "a contractual proscription against class actions . . . is neither unconscionable nor violative of public policy."  *Tsadilas v. Providian Nat'l Bank*, 786 N.Y.S.2d 478, 480 (1st Dep't 2004).  Accordingly, the parties' Class Waiver bars the putative class claim asserted in the Complaint both in arbitration and in court.

Plaintiff argues that, because the Class Waiver appears in the "Agreement to Arbitrate" section of the contract, "Plaintiff only agreed to waive his right to participate on a class-wide basis where the dispute, unlike the dispute here, is otherwise arbitrable."  Plaintiff's interpretation is inconsistent with the contractual language.  The Class Waiver expressly pertains to "class arbitrations *and* class actions." (emphasis added)  A reading that confines the prohibition on class litigation to arbitration would render meaningless the phrase "and class actions."  This interpretation runs contrary to the well-settled principle that "courts are obliged to

---

[2] Plaintiff claims that Defendant waived any right to enforce the Class Waiver by failing to argue specifically that it should be enforced here.  This argument is unavailing.  Defendant argues in its Memorandum of Law "Plaintiff Brings This Putative Class Action In Violation of His . . . Class-Action Waiver."

interpret a contract so as to give meaning to all of its terms" and avoid interpretations that "render any portion meaningless." *Schulman v. Miller*, 22 N.Y.S.3d 44, 47 (1st Dep't 2015) (internal alterations and quotation marks omitted). The plain and unambiguous import of the phrase "class arbitrations and class actions are not permitted" is that it proscribes class treatment in litigation as well as arbitration. *See Glob. Reinsurance Corp. of Am. v. Century Indem. Co.*, 91 N.E.3d 1186, 1193 (N.Y. 2017) ("[A] contract 'that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms.'"). The Class Waiver is enforceable and bars Plaintiff from proceeding on a class basis.

      **B.**      **Arbitrability**

Plaintiff's VRPA claim is not arbitrable. "[T]he FAA 'embod[ies] [a] national policy favoring arbitration.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 228 (2d Cir. 2016) (alterations in original) (quoting *AT&T Mobility*, 563 U.S. at 346). However, "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010); *accord Medidata Sols., Inc. v. Veeva Sys. Inc.*, No. 17 Civ. 589, 2017 WL 3503375, at *1 (S.D.N.Y. Aug. 16, 2017). "[T]he existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015) (internal quotation marks omitted).

Here, the Arbitration Clause states that "except for . . . claims related to intellectual property and disputes that qualify for small claims court, any controversy or claim arising out of or relating to this Agreement or any aspect of the relationship between us . . . will be resolved by

arbitration." This language expressly exempts "disputes that qualify for small claims court" from arbitration. *See Spinelli v. Nat'l Football League,* 903 F.3d 185, 200 (2d Cir. 2018) (quoting *Postlewaite v. McGraw-Hill, Inc.,* 411 F.3d 63, 67 (2d Cir. 2005)) ("Under New York law, 'if a contract is straightforward and unambiguous, its interpretation presents a question of law for the court to be made without resort to extrinsic evidence.'"); *Glob. Reinsurance*, 91 N.E.3d at 1193 (stating that a contract "that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms") (internal quotation marks omitted). Under New York law, Plaintiff's individual VRPA claim qualifies for small claims court because he does not seek damages in excess of $5,000, and Defendant maintains an office in New York. *See* N.Y. Uniform Dist. Ct. Act § 1801 (McKinney 2011) (a small claim includes any cause of action in which "amount in dispute does not exceed five thousand dollars . . . provided that the defendant either resides, or has an office for the transaction of business or a regular employment, within a district of the court in the county"). As the VRPA claim falls outside the scope of the Arbitration Clause, Defendant's motion to compel arbitration is denied.

### C.  The Court Declines to Exercise Supplemental Jurisdiction

Plaintiff asks that the Court decline to exercise supplemental jurisdiction in the event the "class claim" is dismissed. That application is granted, and the case is dismissed.

As the Class Waiver bars Plaintiff from proceeding on a class basis, the only remaining claim is Plaintiff's Michigan state law claim for statutory damages of $5000. The Court does not have original subject matter jurisdiction based on diversity of citizenship, because the $5000 amount in controversy does not meet the $75,000 jurisdictional minimum. *See* 28 U.S.C. 1332(a). The Court does have -- and retains despite the dismissal of the class claim --  original subject matter jurisdiction over this action under CAFA, 28 U.S.C. 1332(d). "[T]he fact that the

court subsequently determine[s] that the case [cannot] . . . proceed as a class action under CAFA d[oes] not deprive it of subject matter jurisdiction." *F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 473 (2017). The Court thus has supplemental jurisdiction over the individual state law claim. *See* 28 U.S.C. 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III."); *F5 Capital,* 856 F.3d at 77-78.

The Court has discretion whether to exercise supplemental jurisdiction over the state law claim, including the issue of whether it must be arbitrated  *See* 28 U.S.C. § 1367(c). "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity . . . ." *Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006); *accord Collins v. Lindstrom*, No. 18 Civ. 6696, 2018 WL 6547054, at *2 (S.D.N.Y. Nov. 26, 2018). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (internal quotation marks omitted); *accord Krechmer v. Tantaros*, No. 17 Civ. 4061, 2018 WL 4044048, at *3 (2d Cir. Aug. 24, 2018); *see also Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) ("[O]ur circuit takes a very strong position that state issues should be decided by state courts.").

Having decided that the claim is not arbitrable, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. This case is in the early stages of litigation; the parties have not conducted any discovery or engaged in any motion practice on the merits of the state law claim. The case is therefore dismissed.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel arbitration is DENIED, and the case is dismissed.  Defendant's Motion for Oral Argument is DENIED as moot.

The Clerk of Court is respectfully directed to close the motions at Docket Numbers 27, 34 and 42 and close the case.

Dated: February 27, 2019
       New York, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**LORNA G. SCHOFIELD**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**