**MANDATE**

19-527 (L)
*Horton v. Dow Jones & Company, Inc.*

1:18-cv-04027-LGS

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> AMALYA L. KEARSE,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 13 2020

---

ROBERT JEREMY HORTON, individually and on behalf of all others similarly situated,

> *Plaintiff-Appellant-Cross-Appellee*,

v.

DOW JONES & COMPANY, INC., DBA The Wall Street Journal,

> *Defendant-Appellee-Cross-Appellant*.

Nos. 19-527 (L)
      19-832 (XAP)

---

For Plaintiff-Appellant-Cross-Appellee:   FRANK S. HEDIN, Hedin Hall LLP, Miami, FL; Thomas L. Laughlin, IV (*on the brief*), Scott & Scott Attorneys at Law, LLP, New York, NY.

For Defendant-Appellee-Cross-Appellant:   NATALIE J. SPEARS (Sandra D. Hauser, Kristen C. Rodriguez, *on the brief*), Dentons US LLP, Chicago, IL and New York, NY.

MANDATE ISSUED ON 05/13/2020

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, and defendant's conditional cross-appeal is **DISMISSED** as moot.

Plaintiff Robert Jeremy Horton appeals from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*) dismissing his case. In a putative class action complaint, Horton alleged on behalf of himself and other *Wall Street Journal* subscribers that defendant Dow Jones & Company, Inc. sold personal information to third parties in violation of Michigan's Video Rental Privacy Act. Dow Jones, in turn, moved to compel arbitration of Horton's claims. The district court denied Dow Jones's motion but nevertheless dismissed the case. As relevant here, the district court held that Horton was barred from proceeding on a class basis because he agreed to a class-waiver provision in his *Wall Street Journal* Subscriber Agreement, and the court declined to exercise jurisdiction over Horton's individual state-law claim against Dow Jones. Horton appeals the dismissal of the case, and Dow Jones conditionally cross-appeals the denial of its motion to compel. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.[1]

---

[1] Because we affirm the district court's judgment, we dismiss as moot Dow Jones's conditional cross-appeal. *See Tr. for Certificate Holders of Merrill Lynch Mortg. Inv'rs, Inc. Mortg. Pass-Through Certificates, Series 1999-C1, ex rel. Orix Capital Markets, LLC v. Love Funding Corp.*, 496 F.3d 171, 174 (2d Cir. 2007) (per curiam) ("A conditional cross-appeal is conditional in the sense that the cross-appeal is reached only if and when the appellate court decides to reverse or modify the main judgment."). Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

Horton first argues that the district court deprived him of a fair opportunity to raise all arguments against the applicability and enforceability of the class-waiver provision. According to Horton, the district court "completely surprised" him, Appellant's Br. 17, because it "failed to provide any notice . . . that it was even considering a *sua sponte* dismissal based on the class-waiver provision, failed to provide [him] any opportunity to argue against such undisclosed, erroneous grounds for dismissal, and failed to provide any briefing or argument whatsoever on the issue," *id.* at 14. This argument is not supported by the record. Dow Jones's first and second motions to compel argued that Horton brought this action in violation of the class-waiver provision. Moreover, the district court issued an amended order on January 18, 2019, in which it clearly signaled that it was considering dismissing the case on this basis. And Horton's letter responding to the district court's amended order confirms that he understood and addressed the possibility that the district court would dismiss on these grounds. Accordingly, we conclude that the district court afforded Horton a fair opportunity to present his arguments against the applicability and enforceability of the class-waiver provision.

For similar reasons, we reject Horton's argument that Dow Jones waived its right to enforce the class-waiver provision because it failed to timely assert the provision as a defense in an answer or responsive pleading to his complaint. As a preliminary matter, the district court adjourned Dow Jones's deadline to answer the complaint *sine die* pending resolution of its motion to compel arbitration. Furthermore, as discussed above, Dow Jones argued in its first and second motions to compel arbitration that the class-waiver provision barred Horton from proceeding on a class basis.

Horton next argues that the district court erred in holding that the class-waiver provision barred him from proceeding on a class basis. As noted above, Horton agreed to the class-waiver

3

provision in his *Wall Street Journal* Subscriber Agreement,[2] which is governed by New York law. Under New York law, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002). "Courts are obliged to interpret a contract so as to give meaning to all of its terms," *Mionis v. Bank Julius Baer & Co.*, 749 N.Y.S.2d 497, 502 (1st Dep't 2002), and to avoid interpretations that "render any portion meaningless," *Cortlandt St. Recovery Corp. v. Bonderman,* 96 N.E.3d 191, 198 (N.Y. 2018). And "a contractual proscription against class actions is neither unconscionable nor violative of public policy." *Tsadilas v. Providian Nat. Bank*, 786 N.Y.S.2d 478, 480 (1st Dep't 2004).

The class-waiver provision at issue appears in a section of the Subscriber Agreement titled "Agreement to Arbitrate." J.A. 85. As relevant here, the section states: "You agree that by entering into this Agreement, you and we are each waiving the right to trial by jury, except as otherwise stated above. Any arbitration under this Agreement will take place on an individual basis; class arbitrations and class actions are not permitted and, by entering into this Agreement, you are giving up the ability to participate in a class action." *Id.* (emphasis omitted). The section also provides: "This agreement to arbitrate shall survive termination of this Agreement." *Id.*

Notwithstanding Horton's arguments to the contrary, the plain meaning of the class-waiver provision bars Horton from proceeding on a class basis. Horton contends that because the class-waiver provision appears in the Agreement to Arbitrate section, it bars only class actions in disputes that are otherwise arbitrable. But as the district court explained, the provision bars both "class arbitrations and class actions," J.A. 85, and "[a] reading that confines the prohibition on class litigation to arbitration would render meaningless the phrase 'and class actions,'" J.A. 142.

---

[2] Horton does not dispute entering into the Subscriber Agreement.

4

Moreover, because the section provides that "by entering into this Agreement, you are giving up the ability to participate in a class action," and because "this Agreement" refers to the entire Subscriber Agreement, the class-waiver provision is best read as applying to both litigation and arbitration. J.A. 85.

We also disagree with Horton's argument that the class-waiver provision did not survive termination of the Subscriber Agreement. As noted above, the Agreement to Arbitrate section specifies that "[t]his agreement to arbitrate shall survive termination of" the Subscriber Agreement. *Id*. Because "[t]his agreement to arbitrate" is most naturally read to refer to the entire Agreement to Arbitrate section, and because the Agreement to Arbitrate section contains the class-waiver provision, we conclude that the class-waiver provision survives termination of the Subscriber Agreement.

Finally, we agree with the district court's decision not to exercise jurisdiction over Horton's individual state-law claim after it concluded that Horton could not proceed on a class basis. We have previously rejected the position that "district courts, on finding that a case cannot proceed as a class action, must adjudicate state law claims rather than remand them to state court." *F5 Capital v. Pappas*, 856 F.3d 61, 77 n.14 (2d Cir. 2017). Instead, we have explained, "[t]hey can also, of course, dismiss them without prejudice for consideration in state courts." *Id.* Here, the district court appropriately dismissed Horton's individual state-law claim without prejudice after holding that the class-waiver provision barred him from seeking class relief.

We have considered Horton's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**, and Dow Jones's conditional cross-appeal is **DISMISSED** as moot.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk